**P. G. SAENZ, Appellant,**

v.

**C. E. (Cato) PEREZ, Appellee.**

No. 13480.

Court of Civil Appeals of Texas.

San Antonio.

June 10, 1959.

Nago L. Alaniz, O. P. Carrillo, R. F. Luna, San Diego, for appellant.

Walter P. Purcell, San Diego, for appellee.

BARROW, Justice.

This is an election contest brought by P. G. Saenz as contestant, against C. E. (Cato) Perez as contestee, who were rival candidates in the 1958 General Election for the office of Justice of the Peace, Precinct No. One of Duval County, Texas. Appellee, Perez, was the Democratic Nominee and his name was printed on the ballot in the appropriate column as a candidate for said office. Appellant, Saenz, was a "write in" opponent. The trial court, after a trial on the merits, rendered judgment denying the contest and declaring that appellee, C. E. (Cato) Perez, was duly elected to said office. This appeal is from that judgment.

Appellant presents three points of error: 1. That the court erred in counting votes for appellee for Justice of the Peace where said voters also write the name of appellee for the office of County Judge of Duval County. 2. That the court erred in ruling that the name of appellee could appear more than once on the same ballot and be counted as a legal ballot. 3. That the court erred in not ruling that appellant, Saenz, had a majority of the legal votes cast for the office of Justice of the Peace.

It appears from the record that appellant, Saenz, received a total of 597 write-in votes for the office of Justice of the Peace, and that appellee, Perez received a total of 676 votes for said office. It also appears that 308 of the voters who voted for appellee for Justice of the Peace, also voted for him for County Judge, by writing in his name. It is not contended that any of the voters whose ballots were counted for either of the candidates were illegal voters and not entitled to vote in said election.

It is contended by appellant that under the provisions of Vernon's Ann.Tex.Stats., Election Code, Art. 6.01, the 308 ballots are void because the name of appellee appears more than once upon them; being printed thereon as a candidate for Justice of the Peace, and written thereon by the voter casting a write-in vote for him as a candidate for County Judge.

It is obvious that Art. 6.01, supra, has reference to the preparation and printing of the official ballot for use in the election and does not void the action of the voters whose ballots showed they voted for appellee for the office of Justice of the Peace. Huff v. Duffield, Tex.Civ.App. 251 S.W. 298; Altgelt v. Callaghan, Tex.Civ.App. 144 S.W. 1166.

The trial court properly denied the contest and declared appellee duly elected.

The judgment is affirmed.